**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000146
07-JUN-2013
09:36 AM**

NO. CAAP-13-0000146

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE TAX APPEAL OF TRAVELOCITY.COM, LP,
Taxpayer-Appellant, and consolidated cases

APPEAL FROM THE TAX APPEAL COURT
STATE OF HAWAI'I

(T.A. NOS. 11-1-0021; 11-1-0022;
11-1-0023; 11-1-0026; 11-1-0027; 11-1-0029;
11-1-0030; 11-1-0031; 11-1-0032; 11-1-0033; 12-1-0287;
12-1-0288; 12-1-0289; 12-1-0292; 12-1-0293; 12-1-0294;
12-1-0295; 12-1-0297; 12-1-0299; and 12-1-0300)

ORDER
(1) DISMISSING APPEAL FOR
LACK OF APPELLATE JURISDICTION WITHOUT PREJUDICE
AND
(2) DENYING AS MOOT ANY AND ALL PENDING MOTIONS
IN APPELLATE COURT CASE NUMBER CAAP-13-0000146
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Upon review of the record, it appears Respondent-Appellant Director of Taxation, State of Hawai'i (Appellant Director of Taxation), appeals from the following three February 8, 2013 interlocutory orders entered by the tax appeal court in the consolidated tax appeal cases in Tax Appeal No. 11-1-0021:

(1)    Order Denying Director of taxation, State of
       Hawaii's Motion for Partial Summary Judgment,
       Filed August 31, 2012;

(2)    Order Granting Appellants' Motion for Partial
       Summary Judgment on Transient Accommodations Tax
       Assessments, Filed August 31, 2012; and

(3)    Order Denying Director of Taxation, State of
       Hawaii's Motion for Reconsideration, Filed
       November 7, 2012.

As explained below, the court lacks jurisdiction because the tax

appeal court has not yet entered its final decision in the

consolidated tax appeal cases.

HRS § 232-19 (Supp. 2012) authorizes an aggrieved party

to appeal to this court from a tax appeal court's "decision":

> Any taxpayer or county aggrieved or the assessor may
> appeal to the intermediate appellate court, subject to
> chapter 602, from the <u>decision</u> of the tax appeal court by
> filing a written notice of appeal with the tax appeal court
> and depositing therewith the costs of appeal within thirty
> days after the filing of the decision.  The appeal shall be
> considered and treated for all purposes as a general appeal
> and shall bring up for determination all questions of fact
> and all questions of law, including constitutional
> questions, involved in the appeal.  A notice of appeal may
> be amended at any time up to the final determination of the
> tax liability by the last court from which an appeal may be
> taken.  The appellate court shall enter a judgment in
> conformity with its opinion or decision.
>     All such appeals shall be speedily disposed of and, in
> the hearing and disposition thereof, shall be given
> preference over other litigation in the discretion of the
> court.

(Emphasis added).  Although HRS § 641-1(a) (1993 & Supp. 2012)

and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP)

require a circuit court to reduce all dispositive orders in a

civil case to a separate judgment to perfect an aggrieved party's

right to assert an appeal, <u>Jenkins v. Cades Schutte Fleming &</u>

<u>Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994)

(<u>Jenkins</u>), the separate judgment rule does not apply to appeals

from the tax appeal court, <u>Alford v. City & County of Honolulu</u>,

109 Hawai'i 14, 21-22, 122 P.3d 809, 816-17 (2005) (Alford); Lewis v. Kawafuchi, 108 Hawai'i 69, 73, 116 P.3d 711, 715 (App. 2005). Nonetheless, "consistent with the general rule of finality governing appeals, the appealable 'decision of the tax appeal court,' HRS § 232-19, should be the decision that finally decides all issues in the tax appeal." Alford, 109 Hawai'i at 22, 122 P.3d at 817 (emphasiss added). Consequently, in an appeal from consolidated tax appeal cases, the tax appeal court must finally decide all issues in each consolidated case before any party may obtain appellate review of any tax appeal court decision. Id. at 23, 122 P.3d at 818. In circumstances where, as here, the separate judgment rule in HRCP Rule 58 and holding in Jenkins are inapplicable, the Hawai'i Supreme Court explained that,

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from [HRCP] 54(b) that the orders collectively constitute a final judgment and . . . entry of the last of the series of orders gives finality and appealability to all.

S. Utsunomiya Enter., Inc. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks & emphases omitted).

Here, the tax appeal court consolidated multiple tax appeal cases for all purposes, and finally decided some issues in some tax appeal cases through a series of orders, including the three February 8, 2013 interlocutory orders. But the tax appeal court has not yet entered a final order that would decide the remaining issues in these consolidated tax appeal cases, and thereby give finality and appealability to them all. Indeed, the

tax appeal court indicated in its March 15, 2013 minutes that it has not yet entered its final decision through a judgment that will resolve the last remaining issues in the consolidated tax appeals, such as penalties relating to general excise tax assessments. Moreover, in the "Order Denying in Part and Granting in Part Appellants' Motion to Stay Entry of Remaining Orders and Judgment, Filed on April 4, 2013," filed May 22, 2013, the tax appeal court clarified that the February 8, 2013 interlocutory orders were executory and interlocutory, and not final. The tax appeal court further explained its intent to enter in the future an order and judgment that together would constitute the tax appeal court's final decision with respect to general excise tax assessments, penalties, and interest, and non-liability for transient accommodations tax; and that "no appealable final decision shall exist with respect to the General Excise Tax or the Transient Accommodations Tax prior to that time." The current record on appeal does not include any subsequent order or judgment that reflects the tax appeal court's final decision on the remaining issues reflected above. Absent the tax appeal court's final decision that resolves all remaining issues in these consolidated tax appeal cases, we lack jurisdiction over this appeal. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000146 is dismissed for lack of jurisdiction without prejudice to an aggrieved party asserting a timely appeal from the tax appeal court's final decision in the underlying consolidated tax appeal cases.

-4-

IT IS FURTHER HEREBY ORDERED that any and all pending motions in appellate court case number CAAP-13-0000146 are denied as moot.

DATED: Honolulu, Hawai'i, June 7, 2013.

Chief Judge

Associate Judge

Associate Judge